Daniel, J.'
 

 The bill' states, that Roles had been the guardia^ of the plaintiff; and in that character he had loaned SZÍ19 56 (money of his ward,) to Elizabeth J. Powell, and took her note with surety payable to himself as guafdian: that Roles has become insolvent and has left the State, and has failed to settle hi’s accounts with the present guardian of the plaintiff, or deliver over the note aforesaid, but has assigned the said note to Jones the other defendant, who at the time had notice that it was held by Roles as guardian to the plaintiff, and that it, upon its face, was payable to him. Roles,
 
 *338
 
 ¡n
 
 ifiai
 
 character. The bill states, that the said note was not assigDed t0 J°nes for any debt due him by or on account of the plaintiff. The prayer is, that Jones be declared a trustee an¿ jjg ¿ecreeci to account for the said note. Jones, in his answer, admits that Roles was guardian as stated in the bill, and that he has left the State and is now insolvent. He admits, that the said note as mentioned in the bill, was payable to Roles as guardian of the plaintiff. He admits, that Roles assigned the said note to him, whilst he, Roles, was guardian of the plaintiff. Jones states that, at the time of the assignment of the note, Roles was largely indebted to him, and had been so for several years; that the said note had been taken by him in pari satisfaction of said debt, and that Roles has been credited for the same. Jones further states, that the plaintiff has obtained a judgment against the sureties of Roles on the guardian bond — and that the said sureties are solvent and well able to pay the said judgment, and that the claim, now in controversy, was included in that judgment. He says, that Roles, before he left this State, executed a deed of trust in favor of the sureties to his guardian bond, which deed of trust covered property sufficient to indemnify the sureties against all and every demand, which could be brought against them. . Jones states that the plaintiff never demanded the ’note of him before he filed the bill. There is a replication. Jones admits that, at the time he took the assignment of the note, he knew that Roles was a trustee for the plaintiff, and that the said note composed a part of the trust fund. The legal title to the note certainly passed to him by the assignment; but there is no rule of this court better established, than that such an assignee shall be considered and stand as a trustee for the original
 
 cestui que trust
 
 to the amount of the fund thus obtained, At law, it has been laid down that an executor or administrator may make a valid sale of the effects in satisfaction of his own private debt, although the purchaser knew the goods sold were the goods of the testator or intestate.— But in equity it seems to be now established that the executor„or the administrator can make no valid sale or pledge of the assets as a security for, or in payment of his own debt: on the principle that the transaction itself gives the purcha
 
 *339
 
 ser or mortgagee notice of the misapplication, and necessarily involves his participation in the breach of duty. Williams on Executors 612,
 
 dp the authorities there cited.
 
 It seems to us, that the two cases of
 
 Lockhart v. Phillips and others,
 
 1
 
 Iredells Rep. post p.
 
 342, &
 
 Buntin
 
 v Ricks, 2
 
 Dev. dp Bat. E. Rep.
 
 130, are decisive against the defendant upon this point of the case. In the latter case we held, that if one assists an officer of a court in misapplying the proceeds of an ordinary negotiable note, held by the officer in trust for others, by taking an assignment of the note to himself, even for value then paid, he will be affected with notice of the breach of trust and in this-' court held liable to the
 
 cestui que trust.
 

 Secondly,
 
 Jones insists, that, as the plaintiff has a judgment against the sureties of his guardian for this demand, he ought not to have a decree against him for the same demand. This is no answer, we think. The judgment has not been satisfied. It is like the ordinary case at law, where the drawer and indorser are sued in separate actions at the same time, or where the co-trespassers are sued separately, the the plaintiff may have two separate judgments for the same demand, but he can have but one satisfaction. He may elect to have satisfaction out of which he pleases. The note in this court, belongs to the plaintiff and he is entitled, if he chooses, to relieve the sureties, by taking that property from Jones. We said in
 
 Buntin
 
 v.
 
 Ricks,
 
 that the sureties of an insolvent trustee will be entitled, in equity, to all the remedies and securities, that were in the power of the
 
 cestui que trust
 
 or creditors, against one, who co-operatéd in the breach of trust, and this, even before they had paid to the
 
 cestui que trust
 
 or creditors the amount misapplied by their principal. The plaintiff will be doing only an act of justice to the securities, to obtain satisfaction out of the note in question.
 

 Thirdly,
 
 It is said that the sureties to the guardian bond have a sufficiency of property, held for their indemnity against the judgment, andfthat the plaintiff ought to be forced to follow his judgment against them for satisfaction rather than go against Jones. There is no cross-bill filed to enable the court to ascertain the amount of the fund left, if any, for indemnity to the sureties. The plaintiff does not admit it; and
 
 *340
 
 it would not be reasonable to compel him to go before the ""master for an enquiry, under the present state of the pleadings. Jones, we think, must be compelled to surrender the note in questioner account for its avails. If there is a fund, intended for the indemnity of the sureties, Jones perhaps may reach it by an original bill or in some other way. The plaintiff is entitled als.o to a decree for his .costs.
 

 Per Curiam, Deere,e accordingly.